# EXHIBIT A

Daniel W. Johnson, SBN 071359
BERGLUND & JOHNSON LAW GROUP
21550 Oxnard Street, Suite 900
Woodland Hills, California 91367
Telephone: 818.992.1500
Facsimile: 818.992.1541

Attorneys for Plaintiffs

Electronically FILED by
Superior Court of California,
County of Los Angeles
1/15/2026 2:20 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By P. Diaz, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| NICK KIM, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM,<br><br>          Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM SERVICES LLC;<br>AMAZON LOGISTICS, INC.;<br>and DOES 1 through 200, Inclusive,<br><br>          Defendants. | CASE NO.: 26VECV00250<br><br>**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**<br><br>1. Strict Product Liability Resulting in Personal Injury<br>2. Negligent Product Liability Resulting in Personal Injury<br>3. Breach of Express and Implied Warranties<br>4. Loss of Consortium (Karen Marroqin-Kim)<br>5. Negligent Infliction of Emotional Distress of a Bystander |

Plaintiffs, NICK KIM, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, complain of Defendants, and each of them, on information and belief as follows:

1. Plaintiffs are, and at all times herein mentioned were, natural persons, citizens of the State of California, and residents of the County of Los Angeles, State of California, and the cause of action arose within the County of Los Angeles, State of California.

- 1 -
**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

2. At all times herein mentioned, Defendants, and each of them, were and are residents of, and/or were doing business in, the County of Los Angeles, State of California.

3. The product at issue in this lawsuit is a "Chouky" brand doorway Pull-Up Bar. The product was purchased in the State of California on Amazon.com and was being used at the Plaintiffs' residence in Los Angeles, California, at the time of the subject incident.

4. Amazon operates an extensive commercial enterprise in California and maintains extensive business operations in California, including numerous warehouses, fulfillment centers, distribution centers, delivery stations, logistics networks and logistics facilities, delivery fleets, and last-minute delivery operations. Amazon derives billions of dollars annually from California residents.

5. Amazon marketed, promoted, listed, offered for sale, sold, and delivered the subject product to Plaintiff, NICK KIM, in California. Amazon placed the product into the California stream of commerce, knowing and intending that it would be purchased and used by California consumers. Plaintiff, NICK KIM, purchased the product in California, received it in California, used the product in California, and was injured in California as a direct legal result.

6. Defendants, AMAZON.COM, INC., AMAZON.COM SERVICES, LLC, and AMAZON LOGISTICS, INC., are Delaware corporations qualified to do business in California and doing substantial business in California, including marketing, advertising, listing, selling, distributing, and shipping products to California residents. Said Defendants regularly transact business in this County, including listing, selling, shipping, and distributing consumer goods to California residents. Amazon placed the defective product into the

- 2 -

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

California stream of commerce with the expectation and intent that it would be purchased and used by California consumers.

7. Upon information and belief, at all times relevant to this action, Defendants, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON LOGISTICS, INC., were and are authorized to conduct business, and do conduct business in the County of Los Angeles, State of California. The Amazon Defendants at all times relevant to this action placed products in the stream of commerce, including the product in this case, in the County of Los Angeles, State of California, and were doing business in the County of Los Angeles, State of California.

8. Upon information and belief, at all times relevant to this action, Defendant, AMAZON LOGISTICS, INC., is the U.S. delivery and fulfillment subsidiary of Amazon.com, Inc and responsible for delivery of Amazon packages and is a corporation which works with local and regional transportation partners to deliver packages to Amazon customers such as Plaintiff, NICK KIM, including in the County of Los Angeles, State of California, and was doing business in the County of Los Angeles, State of California, and said Defendant was a link in the chain of distribution of the product in this case.

9. Venue is proper in this Court under Code of Civil Procedure §§ 395 and 395.5 because the injury occurred in this County; Plaintiffs reside in this County; and Amazon transacts business in this County. Amazon regularly sells and ships consumer goods to residents of this County. Plaintiffs assert only California state-law causes of action in this Complaint. Plaintiffs do not assert any federal causes of action. The amount in controversy is within the jurisdiction of this Court and will be established according to proof at trial.

10. The full extent of the facts linking the fictitiously designated Defendants with the

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

causes of action alleged herein is unknown to Plaintiffs, or the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 200 are unknown to Plaintiffs at this time, who therefore sue said Defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names and capacities when the same are ascertained. Said Defendants are sued as principals and/or agents, servants and employees of said principals, and all of the acts performed by them as agents, servants and employees were performed within the course and scope of their authority and employment. Each and every Defendant designated herein as a "DOE" is responsible in some actionable manner for the events and happenings referred to herein and proximately caused injuries to the Plaintiffs as hereinafter alleged and Plaintiffs will amend this Complaint to state the manner in which each fictitious Defendant is so responsible.

11. At all times herein mentioned, each Defendant was the agent, servant, partner, employee, and joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of said agency, employment, and joint venture, and with the permission and consent of all other Defendants.

12. All corporate Defendants, and each of them are, and at all times herein mentioned were, corporations doing business in the State of California.

13. At all times herein mentioned, all corporate Defendants are, and were, corporations organized, existing under, and/or were doing business in the State of California. Each of the corporate Defendants are, and were, the alter-egos of every other Defendant and there exists, and at all times herein mentioned existed, a unity of interest and ownership between the Defendants such that any separateness between them has ceased to exist. The Defendants

- 4 –

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

have completely controlled, dominated, managed, and operated the corporate Defendants and have intermingled the assets of each to suit their convenience. Further, the corporate Defendants are, and were, mere shells, instrumentalities, and conduits through which the Defendants carried out their business in the corporate name, exercising complete control and dominance of such business to an extent that individuality or separateness did not exist.

**FIRST CAUSE OF ACTION BY PLAINTIFF, NICK KIM, AGAINST DEFENDANTS, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., AND DOES 1 THROUGH 200, INCLUSIVE, AND EACH OF THEM, FOR STRICT PRODUCT LIABILITY RESULTING IN PERSONAL INJURY**

Plaintiff, NICK KIM, complains of Defendants, AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AMAZON LOGISTICS, INC., and DOES 1 through 200, Inclusive, and each of them, inclusive, on information and belief, as follows:

14. Plaintiff realleges and incorporates herein by this reference, as though fully set forth, each and every allegation contained in the Preliminary Statement.

15. On or about April 26, 2025, Plaintiff, NICK KIM, was injured by a "Chouky" brand doorway pull up bar and its component parts ("PULL UP BAR"). After completing two pull-ups using the PULL UP BAR, it came loose during the third attempt and caused the Plaintiff to fall to the ground, striking the back of his head. Subsequently the PULL UP BAR fell and struck the Plaintiff on the forehead. The Plaintiff sustained multiple skull fractures, several intracranial hemorrhages (brain bleeds), a cervical spine (neck) fracture, and a traumatic brain injury (TBI), among other injuries.

16. At the time of the incident, Plaintiff was a purchaser, user, bystander, or consumer of the PULL UP BAR.

17. Amazon was a seller, retailer, supplier, marketer, distributor, and integral link in the chain of distribution of the PULL UP BAR. Amazon controlled the product listing, transaction,

- 5 -
**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

payment, refund policies, consumer interface, and shipping. Amazon stored, packaged, and delivered the PULL UP BAR to the Plaintiff. Amazon controlled the terms of sale, including customer expectations, return policies, and product-related warnings. Amazon profited from the sale of the defective product by imposing fees on the seller and/or receiving commissions.

18. Defendants were engaged in the business of researching, designing, manufacturing, testing, supplying, representing to test, assembling, using, warranting, inspecting, producing, providing, accepting, distributing, selling, cosigning, leasing, bailing, delivering, repairing, instructing how to repair, altering, instructing how to alter, and redelivering the PULL UP BAR, to members of the general public, including Plaintiff herein.

19. Further, as part of their business, Defendants researched, designed, manufactured, tested, supplied, represented to test, assembled, used, warranted, inspected, produced, provided, accepted, distributed, sold at retail, consigned, leased, bailed, delivered, repaired, instructed how to repair, altered, instructed how to alter, redelivered and otherwise conducted themselves with respect to said PULL UP BAR as alleged herein.

20. Defendants, and each of them, knew the PULL UP BAR would be purchased and used by members of the general public, including Plaintiff, without inspection for defects.

21. Defendants, and each of them, knew that the PULL UP BAR would be highly dangerous to members of the general public such as Plaintiff, NICK KIM, herein, should the PULL UP BAR be in any manner defective, malfunction, or fail in use.

22. The PULL UP BAR contained design or manufacturing defects when it left the control of each Defendant, including but not limited to the following:

- 6 -

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

1.     The PULL UP BAR and its component parts, including but not limited to its locking mechanisms and safety locks and locking catches, were defective and dangerous in that the PULL UP BAR came loose while the Plaintiff was using it to do a pull-up. The Plaintiff landed on the ground and was also struck on the forehead by the PULL UP BAR. The PULL UP BAR had been installed according to the provided instructions in a standard interior doorway, and was being used in the manner for which it was marketed. That is, the Plaintiff was performing a basic pull-up within the PULL-UP BAR's advertised capabilities, and during normal or ordinary or foreseeable use, the PULL BAR dislodged and came loose from the door jam, causing the Plaintiff to fall to the ground.

2.     There were inadequate or no safety devices to prevent the PULL UP BAR from loosening or slipping from its position during foreseeable use. There were inadequate or no safety devices to prevent that occurrence and no redundant safety devices to prevent the PULL UP BAR and its user from falling to the ground should the PULL UP BAR come loose. The support structure of the PULL UP BAR was inadequate to prevent it from coming loose from the door frame where it had been properly installed and mounted according to the manufacturers' instructions.

3.     The design of the PULL UP BAR causes deformation of the door jam upon tightening. Over the course of tightening the PULL UP BAR several times, the door jam becomes slightly bowed, thereby reducing the friction contact surface area of the ends of the PULL UP BAR. Fail-safe supports should have been required and provided (to be installed) under the ends of the PULL UP BAR to prevent it from dropping should the ends become loose during use, if there is no other fail-safe alternative. The ends of the PULL UP BAR do not have sufficient grooves or other structures to grip the door jams to prevent the PULL UP BAR from slipping during foreseeable use.

4.     The PULL UP BAR and its component parts, including but not limited to its locking mechanisms and safety locks and locking catches, failed to have the proper safeguards or mechanisms to

- 7 –

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

prevent the Plaintiff from falling and being struck by the PULL UP BAR, thereby causing Plaintiff, NICK KIM, to sustain serious personal injury and damages as described herein.

23. The PULL UP BAR at the time of Plaintiff's injury was being used in a manner intended by the Defendants and/or was used in a manner that was reasonably foreseeable by the Defendants. Defendants failed to give adequate warnings of the defective nature of the PULL UP BAR.

24. The acts, omissions and conduct of Defendants, and each of them, caused damage to Plaintiff for which Defendants are strictly liable.

25. As a result of the acts, omissions, and conduct of the Defendants, and each of them, as alleged herein, Plaintiff has suffered injury to health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which injuries have caused, and continue to cause, Plaintiff great emotional, mental, physical and nervous pain and suffering. Further, Plaintiff alleges that said injuries will result in some permanent disability to Plaintiff, all to Plaintiff's damage in a sum within the jurisdiction of the Superior Court of the State of California.

26. As a further result of the acts, omissions, and conduct of the Defendants, and each of them, as alleged herein, Plaintiff has been, and in the future will be, required to obtain the services of physicians and to incur other medical expenses, of which the full amount is not known to Plaintiff at this time.

27. As a further result of the acts, omissions, and conduct of Defendants, and each of them, as alleged herein, Plaintiff has been prevented from attending to Plaintiff's usual occupation and will be prevented from doing so in the future. Further, Plaintiff's earning power and/or

- 8 -

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

capacity has been impaired, thereby resulting in future lost income. The exact amount of Plaintiff's loss of earnings, both past and future, is unknown to Plaintiff at this time.

28. As a further result of the acts, omissions, and conduct of Defendants, and each of them, as alleged herein, personal property owned and used by Plaintiff was damaged, and Plaintiff, thereafter, was denied the use of said property. The full amount of such loss is unknown to Plaintiff at this time.

29. As a further result of the acts, omissions, and conduct of Defendants, and each of them, as alleged herein, Plaintiff has incurred various and sundry expenses and losses which would not have otherwise been incurred. Further, Plaintiff will continue to incur various and sundry losses and expenses, the exact nature and exact amount of which Plaintiff does not know at this time.

30. Plaintiff is or may be entitled to interest and costs, pursuant to Civil Code §§ 3287(a), 3288, 3291, and C.C.P. §§ 1032, and 1033.5, in addition to any other interest and costs which Plaintiff may be awarded.

## SECOND CAUSE OF ACTION BY PLAINTIFF, NICK KIM, AGAINST DEFENDANTS, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., AND DOES 1 THROUGH 200, INCLUSIVE, AND EACH OF THEM, FOR NEGLIGENT PRODUCT LIABILITY RESULTING IN PERSONAL INJURY

Plaintiff, NICK KIM, complains of Defendants, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., and DOES 1 through 200, Inclusive, and each of them, inclusive, on information and belief, as follows:

31. Plaintiff realleges and incorporates herein by this reference, as though fully set forth, each and every allegation contained in the Preliminary Statement and in the First Cause of Action, except paragraph 24 above.

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

32. At all times herein mentioned, Defendants, and each of them, knew or should have known that the PULL UP BAR was defective and dangerous.

33. At all times herein mentioned, the aforesaid acts, omissions, and conduct of Defendants, and each of them, were careless and negligent. Therefore, Defendants are liable for the damages sustained by the Plaintiff as alleged herein.

## THIRD CAUSE OF ACTION BY PLAINTIFF, NICK KIM, AGAINST DEFENDANTS, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., AND DOES 1 THROUGH 200, INCLUSIVE, FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES

Plaintiff, NICK KIM, complains against Defendants, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., and DOES 1 through 200, Inclusive, and each of them, on information and belief, as follows:

34. Plaintiff realleges and incorporates herein by this reference, as though fully set forth, each and every allegation contained in the Preliminary Statement and in the First and Second Causes of Action above.

35. Defendants impliedly and expressly warranted, orally and in writing, that the PULL UP BAR was merchantable and/or fit for the ordinary purposes for which the PULL UP BAR was used. Specifically, Defendants impliedly and expressly warranted to consumers and users thereof that the PULL UP BAR, and each and every component part thereof, were fit for the purposes for which it was to be used and was free from design and manufacturing defects. The Plaintiff relied on the Defendants' warranties in purchasing and/or using the PULL UP BAR as alleged herein.

36. The PULL UP BAR, and each and every component part thereof, was not free from such defects nor fit for the purposes for which it was to be used, and was, in fact, defectively manufactured and designed and imminently dangerous to consumers, users and bystanders,

- 10 -

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

and that said PULL UP BAR was capable of causing, and in fact did cause, injuries to the users and consumers thereof, while being used in a reasonably foreseeable manner, thereby rendering same unsafe and dangerous for use by the consumer, user and/or bystander.

37. On or about April 26, 2025, as a direct and proximate result of each breach of warranty by the Defendants, and each of them, as aforesaid, while Plaintiff was using the PULL UP BAR, Plaintiff suffered serious injuries as a result of the defects of the PULL UP BAR.

38. The acts, omissions and conduct of the Defendants resulted in a breach of warranty and caused injury to Plaintiff for which Defendants are liable.

**FOURTH CAUSE OF ACTION BY PLAINTIFF, KAREN MARROQIN-KIM, AGAINST DEFENDANTS, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., AND DOES 1 THROUGH 200, INCLUSIVE, AND EACH OF THEM, FOR LOSS OF CONSORTIUM**

Plaintiff, KAREN MARROQIN-KIM, complains of Defendants, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., and DOES 1 through 200, Inclusive, and each of them, for Loss of Consortium, as follows:

39. Plaintiff realleges and incorporates herein by this reference, as though fully set forth, each and every allegation contained in the Preliminary Statement and in the First, Second and Third Causes of Action above.

40. At the time of the incident complained of herein, Plaintiff, KAREN MARROQIN-KIM, was the lawful spouse of Plaintiff, NICK KIM.

41. As a result of the acts, omissions and conduct of the Defendants, and each of them, Plaintiff's spouse has been unable to perform work, services, and duties as a spouse, as before, and will be unable to perform the same in the future. By reason thereof, this Plaintiff has been deprived, and in the future will be deprived, of the work, services, duties, love, companionship, solace, comfort, affection, society, moral support, and sexual enjoyment of said spouse, and has incurred, and will incur, medical and other expenses, all to this

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff's general damage in an amount within the jurisdiction of the Superior Court of the State of California.

### FIFTH CAUSE OF ACTION BY PLAINTIFFS, KAREN MARROQIN-KIM, JENNA KIM, AND ISABELLA KIM, AGAINST DEFENDANTS, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., AND DOES 1 THROUGH 200, INCLUSIVE, AND EACH OF THEM, FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS OF A BYSTANDER

Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, complain of Defendants, AMAZON.COM, INC.; AMAZON.COM SERVICES LLC; AMAZON LOGISTICS, INC., and DOES 1 through 200, Inclusive, and each of them, on information and belief, as follows:

42. Plaintiffs reallege and incorporate herein by this reference, as though fully set forth, each and every allegation contained in the Preliminary Statement and in the First, Second, and Third Causes of Action above.

43. Plaintiff, KAREN MARROQIN-KIM, is the wife of Plaintiff, NICK KIM.

44. Plaintiffs, JENNA KIM, and ISABELLA KIM, are the daughters of Plaintiff, NICK KIM.

45. At all times herein mentioned, Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, were present at the scene of the incident at the time it occurred and personally witnessed the incident and injuries suffered by Plaintiff, NICK KIM. At that time, Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, were aware that said incident caused injury to Plaintiff, NICK KIM. Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, had a sensory and contemporaneous observance of the subject incident which resulted in injuries to Plaintiff, NICK KIM.

46. At all times herein mentioned, Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, were in close proximity to Plaintiff, NICK KIM, when he fell while using the PULL UP BAR, and they personally witnessed the fall and/or its immediate aftermath and his resulting injuries at the scene of the incident. Plaintiffs, KAREN MARROQIN-KIM,

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

JENNA KIM, and ISABELLA KIM, were aware that Plaintiff, NICK KIM, had been severely injured because he fell, striking the back of his head, and subsequently the PULL-UP BAR fell and struck him on the forehead.

47. As a result of the negligence of the Defendants, and each of them, Plaintiffs, KAREN MARROQIN-KIM, JENNA KIM, and ISABELLA KIM, sustained serious emotional distress, shock and injury, all of which caused and will continue to cause serious emotional distress all to Plaintiffs' general damage as herein alleged.

48. At all times herein mentioned, the aforesaid acts, omissions and conduct of Defendants, and each of them, were careless and negligent. Therefore, Defendants are liable for the damages sustained by Plaintiff as alleged herein.

## PRAYER

WHEREFORE, Plaintiffs, NICK KIM, KAREN MARROQIN, KIM JENNA KIM, and ISABELLA KIM, pray judgment against Defendants, and each of them, as follows:

### ON THE FIRST, SECOND AND THIRD CAUSES OF ACTION

1. For general damages in a sum within the jurisdiction of the Superior Court of the State of California, to be proven at trial pursuant to California Code of Civil Procedure Section 425.10;

2. For all medical and related expenses, both past and future, according to proof;

3. For all loss of earnings, both past and future, according to proof;

4. For property damage, and loss of use, according to proof;

5. For all incidental, various and sundry expenses, both past and future, according to proof;

6. For interest, costs and other damages allowed by the law including, but not limited to Civil Code §§ 3287, 3288, and 3291, as well as C.C.P. §§ 1032 and 1033.5, according to proof;

///

- 13 -
**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

## FOURTH CAUSE OF ACTION FOR LOSS OF CONSORTIUM

7.      For damages for loss of consortium and related medical and incidental expenses, according to proof;

## FIFTH CAUSE OF ACTION FOR NIED

8.  For general damages according to proof;

9.  For interest, costs, and other damages as permitted by law;

## ON ALL CAUSES OF ACTION

10. For costs incurred herein; and

11. For such other and further relief as the Court may deem proper and just under the circumstances.

DATE: January 8, 2026                           BERGLUND & JOHNSON
                                                LAW GROUP


                                                Daniel W. Johnson
                                                Attorney for Plaintiffs

- 14 -

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATE: January 8, 2026

BERGLUND & JOHNSON
LAW GROUP

Daniel W. Johnson
Attorney for Plaintiffs

- 15 –

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**